IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

DION HAYES #20130722114,         )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  13 C 6374
                                 )
COOK COUNTY JAIL, et al.,        )
                                 )
          Defendants.            )

                      MEMORANDUM ORDER

     Dion Hayes ("Hayes") has filed a self-prepared 42 U.S.C.

§1983 ("Section 1983") Complaint[1] against defendants whom he

lists as "Cook County" and "Chicago Police Department."  This

Court has conducted the initial screening called for by 28 U.S.C.

§1915A(a),[2] and it finds that both the Complaint and this action

must be dismissed pursuant to Section 1915A(b), for although some

of the several problems posed by the Complaint might perhaps be

curable (and those will be dealt with in the next paragraph for

purely informational purposes), at least one flaw is fatal as

Hayes has presented his claim.

     First, there is no way in which Cook County can be held

accountable for Hayes' grievance, and the Chicago Police

---

    [1] "Self-prepared" is used in the sense that Hayes has
utilized the printed form of Complaint made available by this
District Court's Clerk's Office to persons in custody (Hayes is
an inmate at the Cook County Jail), with the information called
for by the printed form being filled out in handwriting.

    [2] Further citations to provisions of Title 28 will take the
form "Section --," omitting the prefatory 28 U.S.C.

Department is not a suable entity in any event.  Second, the In Forma Pauperis Application ("Application") with which Hayes has accompanied his Complaint is not itself accompanied by a detailed statement of the transactions in Hayes' trust fund account, as is expressly required both by Section 1915(a)(2) and by the Application form itself.

But to turn to ultimate substantive matters, here is all that Hayes has alleged as his Statement of Claim in Complaint ¶IV (copied verbatim):

> On October 9, 2012 I was aquitted of 1st degree murder. I would like to put a law suit in for 3 yr of Pain and Suffering, Character Image, Money lost, Unproper Police Procedures, and would like for my record to be exspunge.

That, says Hayes, should entitle him to "$100 for every hour that I couldn't spend with my daughter" during a three year period.

There is simply no way in which that claim can survive scrutiny and analysis.  Although federal practice calls for notice pleading rather than fact pleading (as is practiced in the state court system), the teaching of the <u>Twombly</u>-<u>Iqbal</u> canon is that allegations far beyond the amorphous and purely conclusory skeletal statement by Hayes are required to survive Section 1915A scrutiny.

Simply put, the Complaint "fails to state a claim upon which relief may be granted" (Section 1915A(b)(1)), and as stated earlier both the Complaint and this action are dismissed.  Under

the circumstances this Court will not require Hayes to supplement the Application, as would be required to saddle him with the obligation to pay the $350 fee in future installments.

                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Date:   September 10, 2013